IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRITT LEE MILLER, § | | |
| Petitioner, § | | |
| § | | |
| V. § | Civil Action No. 4:19-cv-535-P | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Britt Lee Miller, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## BACKGROUND

On October 5, 2017, in Tarrant County, Texas, Case No. 1456595D, a jury found Petitioner guilty on three counts of aggravated robbery with a deadly weapon, Petitioner pleaded true to the repeat-offender notice in the indictment, and the trial court assessed his punishment at 30 years' confinement on each count. Reporter's R., vol. 5, 4-5, ECF No. 11-9 & vol. 6, 7, 96, ECF No. 11-10. Petitioner's convictions were affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 11-1. Petitioner also challenged his convictions in a postconviction state habeas-

corpus application, which was dismissed by the Texas Court of Criminal Appeals as noncompliant because it was not properly verified. State Habeas R. 16-31 & Action Taken, ECF Nos. 11-19 & 11-20.

The state appellate court set forth the relevant facts of the case as follows:

> On April 19, 2016, a man wearing a mask with no gloves entered a Family Dollar store and robbed two employees and a customer at gunpoint. During the robbery, the man placed his left hand on a credit-card payment machine near the cash register. [Petitioner] was later arrested for the robbery, and his fingerprints were matched to those taken from the credit-card machine. A grand jury indicted [Petitioner] with three counts of aggravated robbery. [Petitioner]'s trial lasted approximately three hours during which he attacked the credibility of the fingerprint expert and pointed out testimony inconsistencies about the appearance of the gun used by the robber.
>
> The jury began deliberating at 9:14 a.m. on the second day of trial. After the jury returned from lunch at 1:01 p.m., the foreperson sent a note to the trial court: "The jury is at an impasse. We are split 9-3." The trial court responded in writing, "Please continue with your deliberations." At 2:42 p.m., the foreperson again notified the trial court of the jury's "impasse": "Still at an impasse. No movement at all. Same folks holding to their objections from the majority position." The trial court gave the jury an *Allen* or dynamite charge:
>
>> You are instructed that in a large proportion of cases absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of the other jurors.
>>
>> You should listen, with a disposition to being convinced, to the arguments of the other jurors. If a large number of jurors are for deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or guesswork, and not on the evidence in the case. Those in the minority should keep in mind the impression the evidence has made on a majority of the jurors who are of equal honesty and intellect as the minority.

> [If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.
>
> This indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.]
>
> With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.
>
> The record does not reflect whether there were any discussions about or objections to the trial court's responses[.]
>
> At 3:47 p.m., the foreperson sent another note to the trial court: "Would appreciate a break (hopefully for the evening) before we resume deliberations. The status quo remains." [Petitioner] then moved for a mistrial based on the three notes indicating that the jury was deadlocked. The trial court denied the motion "due to the wording of this note, which clearly implies they are deliberating because it states 'Before we resume deliberations.'" The trial court sent the jury home and directed them to return the next morning to resume deliberations. The next day, the jury deliberated for approximately thirty minutes before informing the trial court that it had reached a unanimous verdict: guilty of each count. In total, the jury had deliberated for approximately six hours.

Mem. Op. 2-3, ECF No. 11-3.

## ISSUES

Although vague and confusing, Petitioner appears to raise the following grounds for relief:

(1) actual innocence;
(2) the trial judge was biased and prejudiced;
(3) he received ineffective assistance of counsel; and
(4) the trial judge improperly gave the jury an *Allen* charge and denied his motion for mistrial.

Pet. 6-7, ECF No. 1.

## RULE 5 STATEMENT

Respondent asserts that Petitioner failed to exhaust grounds one through three in state court but does not otherwise assert that the petition is successive or time-barred. Resp't's Answer 7-9, ECF No. 10.

## DISCUSSION

**A. Standard of Review**

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). This standard is difficult

to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut this presumption by clear and convincing evidence. *Id.* Further, when the most recent state court to consider a constitutional issue provides a "reasoned opinion," a federal habeas corpus court must "review[ ] the specific reasons given by the state court and defer[ ] to those reasons if they are reasonable." *Wilson v. Sellers*, — U.S. —, 138 S. Ct. 1188, 1191-92 (2018). Thus, where the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without explanation, a federal court should "'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Id.* In other words, federal habeas-corpus courts confronted with an unexplained state court decision "are to 'look through' the decision to an earlier state court opinion and presume that the earlier one provides the relevant rationale." *Thomas v. Vannoy*, 898 F.3d 561, 568 (5th Cir. 2018) (citing *Wilson,* 138 S. Ct. at 1192).

**B. Exhaustion**

Respondent asserts that Petitioner's grounds one through three are unexhausted and

5

that the petition, containing both exhausted and unexhausted claims, should be dismissed without prejudice or, alternately, denied on the merits. Resp't's Answer 7-11, ECF No. 10. Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a properly-filed state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Petitioner raised his fourth ground on direct appeal and his petition for discretionary review, however he raised grounds one and two for the first time in his state habeas application, which was dismissed as noncompliant. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The state court's dismissal was procedural, as opposed to substantive, and signifies that the court did not consider the merits of the claims; thus, the grounds are unexhausted. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Petitioner raised his third ground for the first time in this federal petition; thus, the third ground is clearly unexhausted. However, notwithstanding a petitioner's failure to exhaust his remedies in state court, a court may deny a petition on the merits. Therefore, the Court considers the merits of Petitioner's

6

unexhausted claims and finds that they lack merit.

Under his first ground, Petitioner claims that he is actually innocent of the offenses. Pet. 6, ECF No. 1. A freestanding claim of "actual innocence" is itself not an independent ground for habeas-corpus relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000). The United States Supreme Court reaffirmed in *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), that it has not resolved whether a prisoner may be entitled to habeas-corpus relief based on a freestanding claim of actual innocence. Until that time, such a claim it not cognizable on federal habeas review in this Circuit. *See Foster,* 466 F.3d at 367.

Under his second ground, Petitioner claims that the trial judge was biased and prejudiced "from the get go by factors not supported by evidence just her abuse of power to inforce [sic] the *Allen* charge." Pet. 6, ECF No. 1. According to Petitioner, the judge's actions constitute judicial estoppel and bad faith. This claim is inadequately briefed and thus is waived. *See Trevino v. Johnson,* 168 F.3d 173, 181 n.3 (5th Cir. 1999). Despite Petitioner's waiver, the record does not reveal any bias or prejudice on the part of the judge. Adverse judicial rulings alone almost never provide a valid basis to prove bias or partiality. *Liteky v. United States,* 510 U.S. 540, 555 (1994).

Finally, under his third ground, Petitioner claims that he received ineffective assistance of trial and appellate counsel. Pet. 7, ECF No. 1. More specifically, he claims that trial counsel failed to preserve errors and appellate counsel failed to "attack trial counsel" on

appeal. Petitioner does not set forth the nature of any errors trial counsel purportedly failed to preserve for appeal or assert any resulting prejudice. Mere conclusory allegations in support of a claim of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 1985). Further, under state law, ineffective-assistance-of-counsel claims are more properly raised on state habeas review rather than direct appeal. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Therefore, appellate counsel was not ineffective by failing to "attack trial counsel" on appeal.

**C. Trial Court Error**

Under his fourth ground, Petitioner claims that the trial court improperly gave the jury the *Allen* charge and denied his motion for mistrial. Pet. 7, ECF No. 1. The state appellate court addressed the issue as follows:

> We review the trial court's ruling on [Petitioner]'s mistrial motion for an abuse of discretion. A trial court has the discretion to discharge a jury "where it has been kept together for such time as to render it altogether improbable that it can agree"; however, there is no limit to the length of time a jury may deliberate. The length of time a jury may be held to deliberate is a discretionary determination that accounts for the nature of the case and the evidence to be considered.
>
> Here, the main evidence specifically linking [Petitioner] to the robberies was the fingerprint evidence, which [Petitioner] strongly contested during the trial. The eyewitnesses gave differing accounts of the appearance of the gun used in the robbery or whether it could have been a toy gun. During its deliberations, the jury requested to see the fingerprint cards, the surveillance video of the robbery, and a portion of one of the employee's testimony. We cannot say that denying [Petitioner]'s mistrial motion under these facts, especially when the final note did not reflect that the jurors were hopelessly

> deadlocked, was an abuse of discretion.
>
> Miller also seems to assert that the trial court's dynamite charge was unduly coercive because it suggested to the minority jurors that they were relying on "speculation" or "guesswork" and was, therefore, an abuse of discretion. The language included in the trial court's supplemental charge here has expressly been held to not be coercive. Miller's arguments do not persuade us to stray from these precedents.

Mem. Op. 3-5 (citations omitted).

The state court's determination comports with federal law and was not unreasonable. Indeed, the instruction largely parallels that of the *Allen* case itself. *Allen v. United States*, 164 U.S. 492, 501 (1896). Further, the Fifth Circuit has upheld versions of the *Allen* charge so long as they avoid the pitfalls of coercive deadlines, threats of marathon deliberations, pressure for surrender of conscientiously held minority views, or any implication of a false duty to decide. *See United States v. Eghobor*, 812 F.3d 352, 358 (5th Cir. 2015) (citing *United States v. Scruggs*, 583 F.2d 238, 240 (5th Cir. 1978) (quoting *United States v. Skinner*, 535 F.2d 325, 326 (5th Cir. 1976)). Nothing in this record suggests that the jury was unconstitutionally coerced into reaching a verdict or that the charge in its full context rendered Petitioner's trial fundamentally unfair. The charge gave no deadline, did not instruct the jury that it *had* to reach a verdict, or otherwise pressure the jury to reach a verdict. Rather, it "did more to *encourage* the jurors to reach a verdict than it did to coerce them" if it could "do so without doing violence to" his or her conscience. *Boyd v. Scott*, 45 F.3d 876, 883-84 (5th Cir. 1994) (emphasis in original).

## CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this **14th day** of **February, 2020.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE